UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

GREEN MOUNTAIN HOLDINGS (CAYMAN)
LTD,

                Plaintiff,

        v.

501 LAFAYETTE AVE LLC and SHANITA
JONES,

                Defendants.

-----------------------------------------------------------------

**ORDER**
21-CV-5844 (MKB) (TAM)

MARGO K. BRODIE, United States District Judge:

Plaintiff Green Mountain Holdings (Cayman) LTD ("Green Mountain") commenced the

above-captioned action on October 20, 2021, against Defendants 501 Lafayette Ave LLC and

Shanita Jones, seeking to foreclose on a mortgage encumbering the property located at 501

Lafayette Avenue, Rockville Centre, New York 11570 (the "Property"), pursuant to the New

York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.* (Compl., Docket

Entry No. 1.)  Plaintiff also seeks damages, including the unpaid balance due on the mortgage in

the amount of $265,000 plus accrued interest, and attorneys' fees.  (Compl. ¶ 19; Aff. of

Amounts Due to Pl., annexed to Pl.'s Second Mot. for Default J. ("Pl.'s Mot.") as Ex. C, Docket

Entry No. 21-6.)  Defendants initially failed to appear or otherwise defend this action, and the

Clerk of Court entered default against both Defendants on March 18, 2022.  (Entry of Default

dated Mar. 18, 2022, Docket Entry No. 13.)  Plaintiff moved for a default judgment against

Defendants on April 6, 2022, (Pl.'s First Mot. for Default J., Docket Entry No. 14), and the Court

referred the motion to Magistrate Judge Taryn A. Merkl for a report and recommendation, (Order

dated Apr. 6, 2022).  Following Judge Merkl's order seeking clarification of Plaintiff's first

default judgment motion, (Order dated Sept. 27, 2022), Plaintiff sought and was granted an order

terminating the first motion with leave to file a renewed motion, (Order dated Dec. 16, 2022).

Plaintiff filed its second default judgment motion on January 19, 2023. (Pl.'s Mot.)

Counsel for all parties appeared at a status conference on May 11, 2023, (Minute Entry dated

May 11, 2023), and Defendants indicated their intent to move to vacate the default against them,

(Status Report dated May 17, 2023, Docket Entry No. 25). The Court then referred Plaintiff's

second motion for default judgment and Defendants' anticipated motion to vacate the default to

Judge Merkl for a report and recommendation. (Order dated May 18, 2023.) Defendants filed

an opposition to Plaintiff's motion for default judgment on July 31, 2023. (Defs.' Opp'n to Pl.'s

Mot. ("Defs.' Opp'n"), Docket Entry No. 29.)

By report and recommendation dated August 18, 2023, Judge Merkl recommended that

the Court deny Plaintiff's second motion for default judgment based on Plaintiff's failure to

establish compliance with New York's mortgage foreclosure procedures, as set forth in RPAPL

§§ 1303 and 1320. (R&R 16–18, Docket Entry No. 31.) Judge Merkl further recommended

requiring Plaintiff to show cause to demonstrate its compliance with RPAPL §§ 1303 and 1320.

(R&R 18.) No objections to the R&R have been filed and the time for doing so has passed.

## I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to

timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of

further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93,

102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002));

*see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has

'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).  The Court denies Plaintiff's motion.

**II.   Conclusion**

Accordingly, the Court adopts the R&R in its entirety and (1) denies Plaintiff's motion

for a default judgment, and (2) directs Plaintiff to show cause to demonstrate its compliance with

RPAPL §§ 1303 and 1320.

Dated: September 15, 2023
         Brooklyn, New York

                                        SO ORDERED:


                                        ____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge