UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GREEN MOUNTAIN HOLDINGS (CAYMAN)
LTD,

                    Plaintiff,

          v.

501 LAFAYETTE AVE LLC and SHANITA
JONES,

                   Defendants.

**MEMORANDUM & ORDER**
21-CV-5844 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Green Mountain Holdings (Cayman) LTD commenced the above-captioned

action on October 20, 2021 against Defendants 501 Lafayette Avenue LLC ("501 Lafayette")

and Shanita Jones, the sole member of 501 Lafayette, to foreclose on a mortgage encumbering a

property located at 501 Lafayette Avenue, Rockville Centre, New York 11570 (the "Property")

under the New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.*

(Compl., Docket Entry No. 1.)  On March 6, 2024, Defendants filed an Answer, denying

Plaintiff's allegations and asserting affirmative defenses and counterclaims.  (Answer, Docket

Entry No. 1.)

      Plaintiff now moves for summary judgment.[1]  Defendants have not responded to the

---

[1] (Notice of Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), Docket Entry No. 59; Decl. in. Supp. of Pl.'s Mot. ("Decl."), Docket Entry No. 59-2; Affidavits of Serv, annexed to Decl. as Exs. E and F at 121–29, Docket Entry No. 59-2; Affirmation of John Ramer in Supp. of Pl.'s Mot. ("Ramer Aff."), Docket Entry No. 59-3; Consol., Restated & Am. Mortg. Note, annexed to Ramer Aff. as Ex. A at 6–8, Docket Entry No. 59-3; Allonge to Consolidated Note ("Allonge"), annexed to Ramer Aff. as Ex. A at 9, Docket Entry No. 59-3; Affidavit of Note Possession, annexed to Ramer Aff. as Ex. A at 10–11, Docket Entry No. 59-3; Electronic Confirmation of

motion.  For the reasons explained below, the Court grants Plaintiff's motion for summary

judgment as to the foreclosure and sale of the Property and dismisses Defendants'

counterclaims.[2]

## I.    Background

On August 3, 2020, 501 Lafayette executed and delivered a Consolidated, Restated and

Amended Note to Golden Bridge doing business as Golden Bridge Funding LLC ("Golden

Bridge") in the amount of $265,000 (the "Note").  (Pl.'s 56.1 ¶ 2.)[3]  As collateral for the Note,

---

Mortg. Recording, annexed to Ramer Aff. as Ex. B at 13, Docket Entry No. 59-3; Mortg. Agreement ("Mortg."), annexed to Ramer Aff. as Ex. B at 14–63, Docket Entry No. 59-3; Personal Guaranty, annexed to Ramer Decl. as Ex. C at 65–68, Docket Entry No. 59-3; Occupancy Affidavit, annexed to Ramer Decl. as Ex. C at 69, Docket Entry No. 59-3; Assignment of Mortg., annexed to Ramer Aff. as Ex. D at 71–72, Docket Entry No. 59-3; Loan Master Report, annexed to Ramer Aff. as Ex. E at 74–77, Docket Entry No. 59-3; Demand Ltr., annexed to Ramer Aff. as Ex. F at 79–86, Docket Entry No. 59-3; Affirmation of Serv., Docket Entry No. 59-5.)  Because the exhibits are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

[2] Plaintiff also requested that the Court strike Defendants' Answer.  (Pl.'s Mot. 1; Pl.'s Mem. 1.)  Because the Court grants summary judgment to Plaintiff and dismisses Defendants' counterclaims, the Court denies Plaintiff's request.

[3] (Pl.'s E.D.N.Y. Local Civ. R. 56.1 Stmt. of Undisputed Material Facts as to Which There is No Genuine Issue to be Tried ("Pl.'s 56.1"), Docket Entry No. 59-1.)  Defendants did not respond to Plaintiff's Rule 56.1 Statement and the Court therefore deems the supported facts in Plaintiff's 56.1 Statement as undisputed.  "A party opposing summary judgment must respond with a statement of facts as to which a triable issue remains.  The facts set forth in a moving party's statement 'will be deemed to be admitted unless controverted' by the opposing party's statement."  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 72 (2d Cir. 2001) (internal citation omitted) (quoting Local Civ. R. 56.1(c)), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *see Gittens-Bridges v. City of New York*, No. 22-810, 2023 WL 8825342, at *2 (2d Cir. Dec. 21, 2023) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." (quoting *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009))); *Aptive Env't, LLC v. Vill. of E. Rockaway*, No. 21-677, 2022 WL 211091, at *2 (2d Cir. Jan. 25, 2022) ("So long as the moving party's Rule 56.1(a) statement includes citations to admissible evidence, '[i]f the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.'" (alteration in original) (quoting *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003))).

501 Lafayette executed and delivered a consolidated mortgage to Golden Bridge for $265,000 plus interest, secured by the Property (the "Mortgage"). (*Id.* ¶ 4; Ramer Aff. ¶7.) The Property consists of a single parcel with a residential building. (Ramer Aff. ¶ 15.) Also on August 3, 2020, Jones executed a Guaranty of Payment, personally guaranteeing payment of the Note and Mortgage to the lender, its successors, and assigns, (Pl.'s 56.1 ¶ 3), and signed a sworn statement that "the subject property is being purchased/utilized for investment purchases only" and "will not be used as a residence for [herself] or any members of [her] immediate family," (Occupancy Affidavit; *see also* Pl.'s 56.1 ¶ 9). On November 17, 2020, the Mortgage was recorded in the Nassau County Clerk's Office at Liber: 44735, Page 920. (Pl.'s 56.1 ¶ 4.)

501 Lafayette defaulted on the Note and Mortgage by failing to make the June 1, 2021 payment, and has not made any subsequent payments. (*Id.* ¶ 7; Ramer Aff. ¶ 11.) On August 13, 2021, Golden Bridge assigned the Mortgage and transferred the Note to Plaintiff. (Pl.'s 56.1 ¶¶ 5–6.) Plaintiff received physical possession of the Note before commencement of this action. (Ramer Aff. ¶ 10.) On August 24, 2021, Plaintiff's counsel sent a thirty-day demand letter to Defendants by first class mail and certified mail indicating that the loan had matured[4] and payment in full of the principal and interest due on the Mortgage and Note. (Demand Ltr.; *see* Pl.'s 56.1 ¶ 8.) Defendants have not cured the default. (Pl.'s 56.1 ¶ 10; Ramer Aff. ¶ 11.) Plaintiff remains in physical possession of the Note and Mortgage, and is the owner and holder, of the original Note and Mortgage. (Pl.'s 56.1 ¶ 12.)

---

[4] The letter states that the maturity date was April 2, 2020. (Demand Ltr.) Plaintiff later clarified in a letter on the Court docket that the date was a typographical error and should have stated April 2, 2021. (Pl.'s Ltr. in Response to Order Entered on 9/27/2022 1, Docket Entry No. 20.) Plaintiff did not indicate whether a revised letter with the corrected maturity date was sent to Defendants but argues that the typographical error is "not fatal to the action, as the letter is not part of the *prima facie* case to this foreclosure nor was a demand letter required pursuant to the [l]oan documents," and that the letter "was sufficient but not necessary, to put the borrower on notice of default and impending foreclosure due to the default." (*Id.*)

### a. Procedural history

On October 20, 2021, Plaintiff filed the Complaint in this action, which included a request for the Court to appoint "a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties." (Compl. 7.) Defendants initially failed to appear or otherwise defend this action, and the Clerk of Court entered default against both Defendants on March 18, 2022. (Entry of Default dated Mar. 18, 2022, Docket Entry No. 13.)

On April 6, 2022, Plaintiff moved for a default judgment against Defendants, (Pl.'s First Mot. for Default J. of Foreclosure & Sale, Docket Entry No. 14), and the Court referred the motion to Magistrate Judge Taryn A. Merkl for a report and recommendation, (Order dated Apr. 6, 2022). Plaintiff stated in a declaration attached to its default judgment motion that a Notice of Pendency of this action was filed in Nassau County. (Dec. of Regularity in Supp. of Default J. of Foreclosure & Sale ¶ 4, annexed to Pl.'s First Mot. for Default J. of Foreclosure & Sale, Docket Entry No. 14-1.) On September 27, 2022, Judge Merkl ordered Plaintiff to supplement its motion to clarify, *inter alia*, the discrepancy between the April 2, 2021 maturity date for the Note, at which time "the entire amount of principal plus any unpaid charges . . . shall be due and payable," and the Complaint allegation that 501 Lafayette was in default by failing to make the June 1, 2021 payment, a date after the loan's maturity date. (Order dated Sept. 27, 2022.) On December 15, 2022, Plaintiff responded that "[t]he reason that the default date is a date after the April 2, 2021 maturity date[] is that the borrower continued to make, and the lender permissibly continued to accept, monthly payments after the maturity date, until June 2021" and that "[t]he lender did not call for the loan to be due in full until the filing of the foreclosure action, which triggered the acceleration of the loan." (Pl.'s Ltr. in Response to Order Entered on 9/27/2022, Docket Entry No. 20.) Plaintiff also sought and was granted an order terminating the first default

judgment motion with leave to file a renewed motion.  (Order dated Dec. 16, 2022.)

Plaintiff filed its second default judgment motion on January 19, 2023.  (Pl.'s Second Mot. for Default J. of Foreclosure & Sale, Docket Entry No. 21.)  On April 27, 2023, counsel for Defendants appeared for the first time.  (Notice of Appearance, Docket Entry No. 23.)  On May 11, 2023, during a status conference before Judge Merkl, Defendants indicated their intent to move to vacate the Clerk's entry of default against them.  (Minute Entry dated May 11, 2023; Status Report dated May 17, 2023, Docket Entry No. 25).  The Court then referred Plaintiff's second motion for default judgment and Defendants' anticipated motion to vacate the default to Judge Merkl for a report and recommendation.  (Order dated May 18, 2023.)  On July 31, 2023, Defendants filed (1) a notice of cross-motion, (2) an affidavit by Defendant Jones, (3) an affirmation by Defendants' counsel, and (4) Defendants' proposed verified answer and counterclaims, which the Court construed as an opposition to Plaintiff's motion for default judgment.  (Defs.' Opp'n to Pl.'s Mot. for Default J. of Foreclosure & Sale, Docket Entry No. 29; Report and Recommendation (the "R&R") 7 n.5, Docket Entry No. 31.)

By report and recommendation dated August 18, 2023, Judge Merkl recommended that the Court deny Plaintiff's second motion for default judgment based on Plaintiff's failure to establish compliance with New York's mortgage foreclosure procedures, as set forth in RPAPL §§ 1303 and 1320, and order Plaintiff to show cause as to its compliance with the statutory provisions.[5]  (R&R 16–18.)  *See Green Mountain Holdings (Cayman) Ltd. v. 501 Lafayette Ave LLC*, No. 21-CV-5844, 2023 WL 6594003, at *3 (E.D.N.Y. Aug. 18, 2023), *report and*

---

[5]  RPAPL §§ 1303 and 1320 set forth notice requirements for actions involving certain types of residential properties.  RPAPL § 1303 prescribes notices to be delivered to mortgagors of owner-occupied one-to-four unit dwellings and tenants of the dwelling with the summons and complaint.  RPAPL §§ 1303(1)–(2).  RPAPL § 1320 requires a special summons to be served in foreclosure actions involving residential properties with no more than three units.  RPAPL § 1320.

*recommendation adopted*, 2023 WL 5993166 (E.D.N.Y. Sept. 15, 2023). On September 15, 2023, the Court adopted the R&R in its entirety, denied Plaintiff's second motion for a default judgment, and directed Plaintiff to demonstrate that it complied with RPAPL §§ 1303 and 1320. (Order Adopting R&R, Docket Entry No. 33.)

Plaintiff subsequently submitted documentation that it had complied with the notice requirements of RPAPL § 1303 but argued that RPAPL § 1320 was inapplicable because the Property has not been used as a residential property. (Pl.'s Ltr. in Response to 11/15/23 Order, Docket Entry No. 35; Scheduling Order dated Dec. 26, 2023.) On February 6, 2024, during a status conference before Judge Merkl, Defendants' counsel represented that he was authorized to accept service of the RPAPL § 1320 special summons and any other notices and that his clients were prepared to stipulate that service in this manner is sufficient under the RPAPL. (Scheduling Order dated Dec. 26, 2023; Minute Entry & Order dated Feb. 6, 2024.) On February 22, 2024, Plaintiff served the summons, including the RPAPL § 1320 notice. (Summons Returned Executed as Shanita Jones, Docket Entry No. 43; Summons Returned Executed as to 501 Lafayette, Docket Entry No. 44.)

On March 8, 2024, Defendants filed an Answer that asserted thirty-eight affirmative defenses challenging, *inter alia*, Plaintiff's standing to seek foreclosure, compliance with RPAPL notice requirements, timeliness of action under the statute of limitations, and the amounts Defendants owe. (Answer ¶¶ 3–101.) Defendants also pleaded eight of the affirmative defenses as counterclaims.[6] (Answer ¶¶ 36–101.) On March 8, 2024, Plaintiff replied to Defendants'

---

[6] Defendants' counterclaims are unconscionability, lack of standing due to failure to establish that Plaintiff is the proper holder of the Note and Mortgage, declaratory judgment, quiet title, lack of assignment of the note to Plaintiff, negligence, and violation of N.Y. General Business Law § 349. (Answer ¶¶ 36–101.) Although Defendants assert eight counterclaims, their negligence claim is alleged twice. (*Id.* ¶¶ 82–89.)

Answer.  (Reply to Counterclaims with Affirmative Defenses, Docket Entry No. 47.)

On September 20, 2024, Plaintiff requested a premotion conference for its anticipated motion for summary judgment.  (Ltr. Mot. for Premotion Conf., Docket Entry No. 55.)  The Court ordered Defendants to respond to Plaintiff's request for a premotion conference twice, (Order dated Sept. 20, 2024; Order dated Oct. 7, 2024), and Defendants failed to respond both times.  By order of the Court, Plaintiff filed its briefing schedule for its motion for summary judgment on October 23, 2024.  (Order dated Oct. 16, 2024; Letter re Proposed Briefing Schedule, Docket Entry No. 56.)  On March 7, 2025, Plaintiff filed its motion for summary judgment and certified that a copy was served on Defendants on January 17, 2025.  (Pl.'s Mot.; Affirmation of Serv.)  Defendants have not responded to Plaintiff's motion.

On August 1, 2025, the Court directed Plaintiff to submit supplemental documentation addressing its compliance with RPAPL § 1331.[7]  (Order dated Aug. 1, 2025.)  On August 22, 2025, Plaintiff affirmed that it had filed a Notice of Pendency with the Nassau County Clerk under Index No. 000111/2022 (the "2022 Notice of Pendency") on February 28, 2022.  The 2022 Notice of Pendency expired on February 28, 2025 pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 6513 and Plaintiff filed a new Notice of Pendency with the Nassau County Clerk under Index No. 618003/2025 on August 21, 2025.  (Suppl. Affirmation Regarding RPAPL § 1331, Docket Entry No. 61.)  The same day, the Court ordered Plaintiff to submit documentation addressing its compliance with Article 65 of the C.P.L.R., which requires, *inter alia*, a copy of the complaint be attached to the Notice of Pendency unless a complaint has already been filed in the county.  (Order dated Aug. 22, 2025 (citing N.Y. C.P.L.R. § 6511(a)).)

---

[7]  RPAPL § 1331 requires a plaintiff to file a notice of pendency of the action in the clerk's office of the county where the subject property is located at least twenty days before a final judgment directing sale.  RPAPL § 1331.

On August 25, 2025, Plaintiff filed a second supplemental affirmation indicating that a complaint was filed with the Notice of Pendency. (Suppl. Affirmation Regarding C.P.L.R. Article 65, Docket Entry No. 62.)

## II. Discussion

### a. Standard of review

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Capitol Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir. 2025) (quoting Fed. R. Civ. P. 56(a)); *see Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022) (same) (quoting Fed. R. Civ. P. 56(a)). The court must "constru[e] the evidence in the light most favorable to the nonmoving party," *Radwan*, 55 F.4th at 113 (alteration in original) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011)), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Koral v. Saunders*, 36 F.4th 400, 408 (2d Cir. 2022) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)); see also *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." (quoting *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013))). The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Lara-Grimaldi v. County of Putnam*, 132 F.4th 614, 633 (2d Cir. 2025) (quoting *Porter v. Dartmouth-Hitchcock*, 92 F.4th 129, 147 (2d Cir. 2024)); *see Kee v. City of New York*, 12 F.4th 150, 167 (2d Cir. 2021) (same) (quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id.*; *Solid 21, Inc. v. Breitling U.S.A., Inc.*, 96 F.4th 265, 276 (2d Cir. 2024) ("The mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the trier of fact could reasonably find for the non-movant." (quoting *Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 960 (2d Cir. 1996))).  The court's function is to decide whether, "after resolving all ambiguities and drawing all inferences in favor of the nonmovant, a reasonable jury could return a verdict for the nonmovant."  *Miller v. N.Y. State Police*, No. 20-3976, 2022 WL 1133010, at *1 (2d Cir. Apr. 18, 2022) (first citing *Anderson*, 477 U.S. at 248; and then citing *Garcia*, 706 F.3d at 127, 129); *see also Capitol Recs.*, 125 F.4th at 418 ("[A] genuine dispute as to a material fact precludes summary judgment 'where the evidence is such that a reasonable jury could decide in the non-movant's favor.'" (quoting *Lucente v. County of Suffolk*, 980 F.3d 284, 296 (2d Cir. 2020))).

**b.    Plaintiff is entitled to a judgment of foreclosure and sale**

Plaintiff argues that it has established a prima facie case for foreclosure "because it submitted evidence of the Mortgage, the Note, and evidence of default" as attachments to the "Complaint, the validity of which the Defendants failed to contest," and "the Ramer Aff[irmation] attests to Defendants' default under the terms of the Note and Mortgage."  (Pl.'s Mem. 5, 7.)  Plaintiff contends that the "thirty-eight . . . vague, frivolous and repetitious affirmative defenses that completely lack any evidentiary substantiation and eight . . . similarly unfounded counterclaims" contained in Defendants' Answer "fail[] to raise any triable issues of fact" that would preclude summary judgment.  (*Id.* at 5–6.)

"To prevail in a mortgage foreclosure action under New York law, the plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of the [RPAPL]."  *Freedom Mortg. Corp. v. Petriello*, No. 22-CV-7310, 2025 WL 1726320, at *8

(E.D.N.Y. June 20, 2025) (alteration in original) (quoting *Wilmington Sav. Fund Soc'y, FSB v. Fernandez*, 712 F. Supp. 3d 324, 332 (E.D.N.Y. Jan. 22, 2024)); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (explaining that "mortgage foreclosure actions are governed by Article 13 of the [RPAPL]" in addition to the common law elements).

### i.    Statutory requirements

As discussed *supra* in Section I.a., Plaintiff has demonstrated compliance with Article 13 requirements.

### ii.    Common law elements

"In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default."  *Windward Bora LLC v. Mohamed*, No. 24-437, 2025 WL 88422, at *2 (2d Cir. Jan. 14, 2025) (citing *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017)); *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 336 (2d Cir. 2021) (first citing *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (App. Div. 2016); and then citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)) (similar); *Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019) (same); *see U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) ("In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." (first citing *R.B. Ventures*, 112 F.3d at 59 n.2; and then citing *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991))).

"If the plaintiff establishes a prima facie case, '[t]he burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff.'"  *CIT Bank*, 856 F. App'x at 336–37 (quoting *Capstone Bus. Credit, LLC v. Imperia*

10

*Fam. Realty, LLC*, 895 N.Y.S.2d 199, 201 (App. Div. 2010)); *Rutty*, 785 F. App'x at 14 (same);

*Golden Bridge LLC v. 150-30 Ave Realty LLC*, No. 23-CV-9045, 2025 WL 1548859, at *4

(E.D.N.Y. May 30, 2025) ("Once a plaintiff mortgagee in a foreclosure action has established a

prima facie case, it has a presumptive right to foreclose that can only be overcome by an

affirmative showing by the mortgagor . . . of a triable issue of fact as to a bona fide defense to the

action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the

part of the plaintiff.'" (citations and brackets omitted)).

　　"Further, where the defendant raises standing as a defense, the plaintiff bears 'the

additional burden of demonstrating that, at the time the action was commenced, it was the holder

or assignee of the mortgage and the holder or assignee of the underlying note.'"  *Nationstar*

*Mortg., LLC v. Hunte*, No. 22-1447, 2024 WL 161372, at *2 (2d Cir. Jan. 16, 2024) (quoting

*Walker*, 35 N.Y.S.3d at 592–93); *Courchevel 1850 LLC v. Koznitz I LLC.*, No. 23-7263, 2025

WL 1512953, at *2 (2d Cir. May 28, 2025) ("Under New York law, . . . , a 'plaintiff establishes

its standing in a mortgage foreclosure action by demonstrating that, when the action was

commenced, it was either the holder or assignee of the underlying note.'" (quoting *OneWest*

*Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016))); *CIT Bank*, 856 F. App'x at 336

("Where . . . the defendant contests standing to foreclose, 'the plaintiff must prove its standing as

part of its prima facie showing.'" (quoting *JPMorgan Chase, N.A. v. Weinberger*, 37 N.Y.S.3d

286, 288 (App. Div. 2016))); *Rutty*, 785 F. App'x at 14 (same); *see also CIT Bank*, 856 F. App'x

at 337 ("[T]he physical delivery of the note prior to the commencement of the foreclosure action

is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable

incident." (alteration in original) (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580

(App. Div. 2009))).  A plaintiff may demonstrate possession by attaching the note to the

complaint.  *Avail Holding LLC v. Ramos*, 820 F. App'x 83, 85 (2d Cir. 2020) (explaining that

under New York law, a plaintiff may demonstrate "standing to prosecute [a foreclosure] action" by "annex[ing] [the note] to the complaint, at the time the action was commenced" (alterations in original) (quoting *Weinberger*, 37 N.Y.S.3d at 288)); *Golden Bridge LLC v. DGS18 Realty LLC*, No. 22-CV-5857, 2025 WL 921098, at *8 (E.D.N.Y. Mar. 27, 2025) ("In New York, a plaintiff may 'establish[ ] its standing as holder of [a] note by demonstrating that the note was in its possession . . . as evidenced by its attachment of the endorsed note to the complaint.'" (alterations in original) (first quoting *Fed. Nat'l. Mortg. Ass'n v. Yakaputz II, Inc.*, 35 N.Y.S.3d 236, 237 (App. Div. 2016)); and then citing *JPMorgan Chase Bank, N.A. v. Roseman*, 29 N.Y.S.3d 380, 381 (App. Div. 2016))). "An affidavit from a representative of the lender or servicer based on the representative's review of the plaintiff's business records is [also] sufficient to establish possession of the note." *Nationstar Mortg.*, 2024 WL 161372, at *2; *OneWest Bank*, 827 F.3d at 222 ("New York courts have repeatedly held that proof of physical possession — such as the affidavits of [the plaintiff's] corporate representative and counsel in this case — is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note" (citations omitted)).

### 1.    Standing

Plaintiff has established that it was the holder of the Mortgage and Note when this action was commenced and therefore has standing to seek foreclosure of the Property.  Plaintiff attached to the Complaint the Note that Jones signed on behalf of 501 Lafayette[8] and the Allonge reflecting a transfer of the Note to Plaintiff.[9]  Plaintiff also attached the Mortgage made to

---

[8]  Plaintiff also produced documentation showing that the debt owed by 501 Lafayette is personally guaranteed by Jones.  (Personal Guaranty, annexed to Compl. as Ex. C at 62–65, Docket Entry No. 1-1.)

[9]  (*See* Consol., Restated & Am. Mortg. Note, annexed to Compl. as Ex. C at 13–58,

lender, Golden Bridge, that Jones signed on behalf of 501 Lafayette on August 3, 2020 and

Assignment of the Mortgage to Plaintiff that Golden Bridge executed on August 13, 2021.[10]  *See*

*Avail Holding*, 820 F. App'x at 85 (affirming plaintiff had standing to seek foreclosure because it

attached the note to its complaint for the foreclosure action); *Windward Bora LLC v. Barrie*, No.

19-CV-7272, 2025 WL 1549582, at *6 (E.D.N.Y. May 4, 2025) (finding plaintiff had standing to

seek foreclosure because the "chain of assignments included with the complaint" including the

note, mortgage, and alonges, showed that the plaintiff was holder of the note and mortgage

before the complaint was filed); *United States v. Olstrom*, No. 19-CV-5878, 2024 WL 1348651,

at *5 (E.D.N.Y. Mar. 29, 2024) (holding that the "[p]laintiff established standing by attaching the

note and the mortgage to the complaint"); *Roseman*, 29 N.Y.S.3d at 381 (holding that "[the]

copy of the note . . . annexed to the complaint[] establish[ed] prima facie that the plaintiff had

standing").

Moreover, Plaintiff submitted a sworn affirmation from its authorized signatory John

Ramer that Plaintiff received physical possession of the Note prior to commencing this action

along with an Affidavit of Note Possession from its sworn document custodian attesting that

Plaintiff had possession of the Note on October 19, 2021, the day before Plaintiff filed the

Complaint.  (Ramer Aff. ¶ 10; Affidavit of Note Possession.)  *See Nationstar Mortg.*, 2024 WL

161372, at *2–3 (affirming lender had standing to seek foreclosure based on affidavit from

lender's counsel "that it possessed the promissory note before it filed the foreclosure action");

---

Docket Entry No. 1-1; Allonge to Consolidated Note, annexed to Compl. as Ex. C at 59, Docket
Entry No. 1-1.)

[10]  (Mortg. & Assignment of Leases & Rents: Consol. Mortg. Between 501 Lafayette and
Golden Bridge, annexed to Compl. as Ex. D at 18–54, Docket Entry No. 1–1; Assignment of
Mortg., annexed to Compl. as Ex. D at 67–69, Docket Entry No. 1-1.)

*Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2022 WL 5432771, at *8 (E.D.N.Y. July 27, 2022) (finding that the plaintiff had "the right to enforce the . . . [m]ortgage" when it had "demonstrated possession of the [n]ote and accompanying [m]ortgage prior to the commencement of the instant action and ha[d] produced . . . all relevant assignment documents"); *RL 900 Park, LLC v. Ender*, No. 18-CV-12121, 2021 WL 738705, at *9 (S.D.N.Y. Feb. 25, 2021) (holding based on an affidavit of the plaintiff's representative made based "on his personal knowledge of the events" concerning assignment of the mortgage that the "[p]laintiff [wa]s presently in the possession of the original [n]ote").

### 2.    Prima facie case

Plaintiff's production of the Note, Allonge, Mortgage, Assignment of the Mortgage, and Ramer's affirmation provides sufficient evidence of a mortgage and unpaid note.  *Mohamed*, 2025 WL 88422, at *2 (explaining evidence of the mortgage, the unpaid note, and the defendant's default that establishes a plaintiff's prima facie entitlement to summary judgment); *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that "copies of the [m]ortgage, [n]ote, allonges, and chain of assignments" was "evidence . . . that establishe[d] a prima facie case of entitlement to judgment").  Ramer's affirmation provides sufficient "evidence of . . . [D]efendant's default."  *Mohamed*, 2025 WL 88422, at *2.  Ramer attests that 501 Lafayette defaulted beginning with the June 1, 2021 payment and that "the default continues to date" based on his "personal knowledge of the facts of this case and the events that transpired" and "access to [and review of] the business records of Plaintiff," including "the records associated with [501 Lafayette's] loan that is the subject matter of the instant foreclosure action" and were maintained in the regular course of business.  (Ramer Aff. ¶¶ 1–2, 11–12.)  *See Mohamed*, 2025 WL 88422, at *2 (affirming a witness's affidavit stating that "based upon his review of the computerized business records for the [l]oan, the [l]oan is currently in default and

14

due for the July 1, 2013 payment and all subsequent payments" established the defendants'

default for a prima facie case on summary judgment (brackets omitted)); *DGS18 Realty*, 2025

WL 921098, at *7 (explaining that "courts regularly accept as proof of default the affidavits of

persons with knowledge of the loan" and collecting cases); *Wilmington PT Corp. v. Gray*, No.

19-CV-1675, 2025 WL 857979, at *4–5 (E.D.N.Y. Mar. 19, 2025) (accepting as proof of default

an affidavit prepared by "the plaintiff's authorized signatory" attesting that "the defendant

breached her obligation on June 1, 2013 because she did not pay the installment due that day, has

not paid any subsequent installments and is currently in default" based on the signatory's

familiarity with and review of the plaintiff's business records); *Windward Bora, LLC v. Allen*,

No. 18-CV-5756, 2020 WL 5912392, at *2 (holding that "an affidavit . . . asserting that [the

defendant] breached her obligations under the [n]ote, and thereby defaulted on the mortgage"

demonstrated the default element of the prima facie case); *Bent*, 321 F. Supp. 3d at 415

(concluding that an affidavit stating based on the affiant's "own knowledge and from reviewing

[the p]laintiff's business records . . . that [the] defendant failed to cure the default" sufficiently

established the default (internal quotation marks, citations, and footnote omitted)).

### 3.    Affirmative defenses

Plaintiff argues that the "thirty-eight . . . vague, frivolous and repetitious affirmative

defenses that completely lack any evidentiary substantiation and eight . . . similarly unfounded

counterclaims" contained in Defendants' Answer "fail[] to raise any triable issues of fact" that

preclude summary judgment.  (Pl.'s Mem. 5–6.)  Plaintiff contends that many of the asserted

affirmative defenses are repetitious, conclusory, "clearly inapplicable to foreclosure actions,"

and overall "indicate[] an effort to delay resolution and harass Plaintiff" and "respectfully

requests that the Court take notice of these tactics in evaluating Defendants' submissions." (*Id.*)

Plaintiff argues that Defendants' counterclaims constitute "vague and conclusory assertions,"

"are unsupported by any factual allegations," and "fail to meet the pleading standard required by Rule 8." (*Id.* at 7.)  Plaintiff addresses each affirmative defense and counterclaim, (*id.* at 7–28), and contends that since it "is well-settled that a defendant cannot defeat a motion for summary judgment with nothing more than unsupported assertions or allegations in their pleadings" nor "rely on mere conclusory allegations," "Defendants' Affirmative Defenses should be stricken in their entirety," (*id.* at 7).

"Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Creaven v. Erickson*, No. 22-874, 2023 WL 4247213, at *3 (2d Cir. June 29, 2023) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014)).  Rather, "[i]n deciding an unopposed summary judgment motion, 'the district court must still assess whether the moving party ha[s] fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law.'" *Jones v. Lamont*, 379 F. App'x 58, 59 (2d Cir. 2010) (second alteration in original) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *Gachette v. Metro North-High Bridge*, 598 F. App'x. 803, 804 (2d Cir. 2015) ("[W]here a summary judgment motion is wholly unopposed, 'the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" (citing *Vt. Teddy Bear Co.*, 373 F.3d at 244)); *Allied World Ins. Co. v. Keating*, No. 21-CV-58, 2023 WL 6200320, at *4 (D. Conn. Sept. 22, 2023) (quoting same); *see also Martin v. Nieuw Amsterdam Prop. Mgmt., LLC*, No. 22-CV-3506, 2025 WL 1504124, at *5 (E.D.N.Y. May 27, 2025) ("The Second Circuit has explained that a district court may not enter a default judgment when a party fails to respond to an opponent's motion for summary judgment and must instead 'examine the movant's statement of undisputed facts and the proffered record support and determine whether the

16

movant is entitled to summary judgment.'" (quoting *Jackson*, 766 F.3d at 197)).  In foreclosure actions where a motion for summary judgment is fully unopposed but the non-movant has previously filed an Answer, courts consider whether the affirmative defenses raised genuine disputes of material fact that defeat the prima facie case.  *See, e.g.*, *Millennium Tr. Co., LLC v. Tr. for Benefit of William E. Kassar III*, No. 23-CV-5094, 2025 WL 1017517, at *5 (E.D.N.Y. Apr. 4, 2025) ("Despite [the d]efendants' failure to oppose the motion, the [c]ourt must nonetheless examine the affirmative defenses raised in the answer to ensure that none of those defenses raise a triable issue of fact that would preclude summary judgment." (citing *Bent*, 321 F. Supp. 3d at 416)); *AKF, Inc. v. Haven Transp. Bus. Sols., Inc.*, No. 22-CV-269, 2024 WL 2941746, at *5–10 (N.D.N.Y. June 11, 2024) (evaluating affirmative defense raised in the defendants' answer in foreclosure action despite their failure to respond to the motion for summary judgment).  However, "Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."  *Amnesty Am. v. Town of W. Hartford,* 288 F.3d 467, 470 (2d Cir. 2002); *Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, No. 20-3718, 2022 WL 1715977, at *3 (2d Cir. May 27, 2022) (same); *Berkley Ins. Co. v. FG-PH Corp.*, No. 22-CV-2109, 2025 WL 929469, at *6 (E.D.N.Y. Mar. 26, 2025) (same); *see Oteri v. Palmatier*, No. 23-CV-986, 2025 WL 2047980, at *3 (N.D.N.Y. July 22, 2025) ("[W]here a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute — even if that non-movant is proceeding *pro se*." (citation omitted)); *U.S. Bank Tr., N.A. v. Valade*, No. 17-CV-173, 2020 WL 6196150, at *4–5 (N.D.N.Y. Oct. 22, 2020) ("Implied in the . . . burden-shifting standard [in foreclosure actions] is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute — even if

that non-movant is proceeding *pro se*." (citation omitted))  "Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense," the plaintiff "may satisfy its Rule 56 burden by showing 'that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.'" *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (alterations in original) (quoting *DiCola v. SwissRe Holding (N. Am.), Inc.*, 996 F.2d 30, 32 (2d Cir. 1993)); *see also Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15-CV-8459, 2018 WL 3364388, at *1 (S.D.N.Y. July 9, 2018) ("An affirmative defense can be dismissed on a summary judgment motion when that defense is unsupported by any evidence in the record.").

Below the Court considers Defendants thirty-eight affirmative defenses and eight counterclaims in the following groupings: (1) standing to seek foreclosure, (2) notice requirements under the Note and Mortgage, (3) notice requirements under the RPAPL; (4) statute of limitations, (5) disputes concerning amounts owed, and (6) remaining defenses and counterclaims.

### A.    Standing to seek foreclosure

Several of Defendants' affirmative defenses contest Plaintiff's standing to bring a foreclosure action.[11]  Defendants' unsupported allegations fail to raise a triable issue of fact

---

[11] Defendants assert that neither the mortgage nor the note were "assigned, transferred or sold to plaintiff" and "pleadings fail to establish assignments," (Answer ¶¶ 5–6); Plaintiff lacks "authority to affect [the] mortgage interest in [D]efendants' property," (*id.* ¶ 7); Plaintiff failed to allege physical delivery of the Note and Mortgage and physical possession of the original note and mortgage, (*id.* ¶ 8); Plaintiff did not possess the Note at commencement of this action and therefore did not own the purported debt, (*id.* ¶ 9); Plaintiff failed to establish a chain of title pursuant to C.P.L.R. § 3012-b and "attach legible copies of the mortgage, promissory note, security agreement, bond underlying the mortgage executed by [D]efendants and/or all instruments of assignments," (*id.* ¶ 10); Plaintiff "does not own the alleged debt, is not in possession and/or control of the documents and/or witnesses necessary to prove its alleged claim" and failed to meet RPAPL §1302 notice requirements, (*id.* ¶ 11); Plaintiff lacks authority

because Plaintiff's documentary evidence establishes that Golden Bridge assigned it the Mortgage and transferred the Note on August 13, 2021, and that Plaintiff held both the Mortgage and Note when it commenced this action. *See supra* Section II.b.ii.1; *Nationstar Mortg.*, 2024 WL 161372, at *2 (explaining that a plaintiff has standing to bring a foreclosure action where "at the time the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note"); *Freedom Mortg.*, 2025 WL 1726320, at *11 (finding affirmative defenses that challenged standing to move for foreclosure and sale meritless because the defenses "[were] belied by the text of the [m]ortgage and [a]ssignment of the [m]ortgage" the plaintiff submitted in support of its motion).

### B.    Notice requirements under the Mortgage and Note

Defendants challenge Plaintiff's compliance with notice requirements under the Note, Mortgage, and applicable laws and rules.[12]

Plaintiff contends that "Defendants' arguments regarding alleged deficiencies in notice are unfounded" because (1) the Mortgage "does not contain any provision requiring Plaintiff to provide a Notice of Default as a condition precedent to foreclosure"; and (2) "Plaintiff, in an abundance of caution, provided such notices" to both Defendants "to ensure [they] were fully

---

to act as an agent of the entity that is entitled to enforce the note and fails to state that Plaintiff is acting as an agent pursuant to General Obligations Law, Article 5, (*id.* ¶¶ 32–33); Plaintiff failed to establish that it is the proper holder of the transferred Note and Mortgage, (*id.* ¶¶ 54–64); and Plaintiff was never assigned the note, (*id.* ¶¶ 77–81).

[12]  Defendants allege that Plaintiff "failed to comply with conditions precedent in the promissory note and security instrument," (Answer ¶ 11); failed to give proper notice pursuant to both the subject note prior to acceleration of the debt and the mortgage and "[u]pon information and belief," failed to "provide a specific amount to be paid to cure the alleged default, as required by the notice provision in the mortgage," (*id.* ¶ 13–14); and "[P]laintiff and/or [P]laintiff's predecessor in interest have failed to give timely and proper notice to the defendant in accordance with the mortgage and note, and all applicable statutes, rules and regulations," (*id.* ¶ 17).

apprised of their default" and provided copies of the notices to the Court, "demonstrating compliance even beyond what is contractually required." (Pl.'s Mem. 13.) Plaintiff argues that "Defendants' claims regarding alleged deficiencies in notice fail as a matter of law" because "Plaintiff's provision of default notices was voluntary and not legally required." (*Id.* at 14.)

"As a general matter, in New York a lender is not required to notify a borrower of its default on a mortgage prior to foreclosure, absent a statutory requirement or a contractual provision in the relevant loan documents." *NuBridge Com. Lending REO SPV I Inc. v. KA & B Props., Inc.*, No. 22-CV-1468, 2023 WL 11261908, at *5–6 (E.D.N.Y. Oct. 18, 2023) (citing *HPHD Invs. Grp., LLC v. Ioannou*, 137 N.Y.S.3d 484, 486 (App. Div. 2020)), *report and recommendation adopted sub nom.*, 2024 WL 1364321 (E.D.N.Y. Mar. 31, 2024); *see Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Credit Suisse First Bos. Mortg. Sec. Corp. v.. Corp. v. Lott Ave. Owner, LLC*, No. 22-CV-2437, 2024 WL 1973363, at *3 (E.D.N.Y. May 3, 2024) ("[F]or a commercial loan, where 'the mortgages and notes did not obligate the plaintiff to provide the defendant with any notice of default,' the notice defense fails." (quoting *Emigrant Funding Corp. v. Agard*, 995 N.Y.S.2d 154, 156 (App. Div. 2014))).

As a preliminary matter, Defendants do not allege a specific provision of the Note or Mortgage that requires Plaintiff to issue a notice of default prior to bringing a foreclosure action. The Court notes two provisions from the Note and Mortgage that appear to affect the determination of whether notice of default is required in the event of a foreclosure: (1) Paragraph 6 of the Consolidated Note states:

> The entire unpaid balance of principal due under th[e] note and the mortgage securing the repayment of the loan evidenced by this mortgage plus any and all accrued interest, and any and all charges due and payable under such mortgage, shall become due and payable, at the option of the lender, upon any default or other event upon which such acceleration is permitted in such mortgage, after notice and the expiration of any opportunity to cure otherwise

afforded in the mortgage documents.

(Consol., Restated & Am. Mortg. Note ¶ 6); and (2) Paragraph 33 of the Consolidated Mortgage states, "The Debt shall become due, at the option of the Mortgagee, upon the occurrence of any of the following events: (a) after default in the payment of any installment of principal or interest as provided in the Note, . . . ." (Mortg. ¶ 33.) Paragraph 6 indicates that charges due and payable under the mortgage on default become due after notice. Paragraph 33 does not include any such prerequisite and the specific language is similar to language that courts have held allow acceleration of the mortgage debt without serving notice. *See Bank of Am., Nat'l Ass'n v. Commack Props., LLC*, No. 09-CV-5296, 2010 WL 5139219, at *5 (E.D.N.Y. Dec. 10, 2010) (noting "that upon default [the l]ender may 'declare the entire [d]ebt to be immediately due and payable' and such acceleration provisions have been held to allow acceleration without serving notice" (citing *Trump Vill. Constr. v. Shell Rd. Corp.*, No. 90-CV-2896, 1991 WL 85969, at *3–4 (E.D.N.Y. May 1, 1991))); *cf. CIT Grp./Equip. Fin., Inc. v. Shapiro*, No. 09-CV-409, 2013 WL 1285269, at *2 (S.D.N.Y. Mar. 29, 2013) (explaining that "[t]he plain language of the contract cut[] squarely against [the defendant's] hypothesized notice requirement" because "[i]t provide[d], in pertinent part, that upon default, [the p]laintiff was entitled to 'without notice or further action . . . declare immediately due and payable . . . all [r]ent [p]ayments due under the [l]ease'").

However, even if the Court were to construe Paragraphs 6 and 33 to require notice, Plaintiff has met this requirement. As discussed in Section I.a. above, prior to commencing this action, Plaintiff's counsel sent a thirty-day demand letter to Defendants by first class mail and certified mail indicating that the loan had matured. The demand letter indicated that Plaintiff did not waive "any of the rights and remedies the lender or its assignee may have against" [the Defendants] pursuant to the terms of the Note, the Mortgage, any other loan documents or

applicable law." (Demand Ltr. 80.) Although Plaintiff clarified to Judge Merkl that the demand

letter had a typographical error in the maturity date, *see supra* note 4, Plaintiff's demand letter

was sufficient notice because the incorrect date was an obvious typographical error and the

maturity date was not required in any notice of default to the Defendants. *See Barrie*, 2025 WL

1549582, at *8 (rejecting defense that "the incorrect sums due and an incorrect default date" in a

demand letter constituted facial defects that required dismissal of the foreclosure action because

the "terms of the [n]ote and [m]ortgage include[d] no other requirements regarding the pre-

default notice"), *report and recommendation adopted in part, rejected in part on other grounds*,

2025 WL 1944034 (E.D.N.Y. July 16, 2025); *Home Loan Inv. Bank, F.S.B. v. Goodness &*

*Mercy, Inc.*, No. 10-CV-4677, 2011 WL 1701795, at *9 (E.D.N.Y. Apr. 30, 2011) (rejecting

defendants' assertion that "a typographic error [in the May 19th demand letter] demanding

payment by June 1, 2009 as opposed to June 1, 2010 constitute[d] a meritorious defense"

because they "[did] not provide any support for the contention that an obvious typographic error

otherwise excuse[d] their default or effect[ed] the [p]laintiff's right to maintain the present action

under the [l]oan [d]ocuments" and "whether a clerical error in the May 19th letter constituted

insufficient notice [was] irrelevant insofar as the Plaintiff was not required under the [l]oan

[d]ocuments or any relevant law[ ] to give the [d]efendants notice"); *Deutsche Bank Nat'l. Tr.*

*Co. v. Wentworth*, 181 N.Y.S.3d 99, 102–03 (App. Div. 2022) (noting that even if defendant had

not waived the defense of the plaintiff's failure to comply with notice of default requirement in

mortgage, the defendant "failed to establish that the notice of default was defective and not in

compliance with the relevant provision of the mortgage agreement" (citing *Nationstar Mortg.,*

*LLC v. Jean–Baptiste*, 114 N.Y.S.3d 402, 407 (App. Div. 2019))); *see also Agard*, 995 N.Y.S.2d

at 155–56 (rejecting the defendant's defense to foreclosure action that the plaintiff failed to mail

the notice of default in accordance with the terms of the mortgages and notes requirements

because "[a]lthough the plaintiff submitted evidence that it mailed letters to the defendant notifying her that she was in default, the mortgages and notes did not obligate the plaintiff to provide the defendant with any notice of default"); *Household Fin. Realty Corp. of N.Y. v. Claudio-Santiago*, 41 N.Y.S.3d 449, 449 n.3 (Sup. Ct. 2016) (rejecting the defendant's argument regarding the accuracy of the number of days in default stated in the default notice because "the lender's error . . . [did] not affect [the d]efendants' default status").

### C.   Notice requirements under the RPAPL

Defendants challenge Plaintiff's compliance with notice requirements under RPAPL §§ 1303 and 1304 and that Plaintiff failed to attach required notices to the Complaint.[13]   As discussed in Section I.a. *supra*, Plaintiff has demonstrated compliance with relevant RPAPL notice requirements.

### D.   Statute of limitations

Defendants allege that the statute of limitations has lapsed, (Answer ¶ 4), but this defense lacks merit.   "Section 213 of the [C.P.L.R.] provides that 'an action upon a bond or note, the payment of which is secured by a mortgage upon real property,' must be commenced within six years." *Holmes v. Newrez, LLC*, No. 22-CV-8632, 2023 WL 5052085, at *4 (S.D.N.Y. Aug. 8, 2023) (quoting N.Y. C.P.L.R. § 213(4)).   "[T]he six-year statute of limitations on an action to foreclose on a mortgage begins to run when a foreclosure action is commenced, and the mortgage debt is accelerated, or the entire mortgage amount made immediately due." *Article 13 LLC v. Ponce De Leon Fed. Bank*, 132 F.4th 586, 589 (2d Cir. 2025) (first citing N.Y. C.P.L.R. §

---

[13]   Defendants allege that Plaintiff failed to comply with RPAPL §1303, including but not limited to failing to provide notice in fourteen-point type with the title in twenty-point type, (Answer ¶ 15); failed to comply with RPAPL §1304 by not providing notice to Defendants pursuant to RPAPL §1304, (*id.* ¶ 16); and failed to annex the required notice documents to the Complaint and therefore the Complaint is a nullity and must be dismissed, (*id.* ¶ 18).

213(4); and then citing *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021)), *certified question accepted*, 43 N.Y.3d 982 (2025).

Although Plaintiff has consistently argued that the loan was accelerated with the filing of this action in October of 2021, (Pl.'s Mem.; Order dated Dec. 16, 2022), two earlier dates — April 2, 2021 when the loan reached maturity and was due and payable in full and August 24, 2021 when Plaintiff demanded Defendants tender payment in full — were likely sufficient to trigger the running of the statute of limitations. Nevertheless, regardless of which date Defendants rely on, the six-year limitations period had not yet lapsed since Plaintiff commenced this action in October of 2021, just fourteen months after the Mortgage and Note were executed in August of 2020.

### E. Disputes concerning amounts owed

Defendants challenge the amount that Defendants assert they owe on the Note and Mortgage.[14]

Plaintiff "concedes" that "amounts ultimately found to be owed to Plaintiff . . . are subject to verification and a final accounting by the Court and/or a court-appointed referee." (Pl.'s Mem. 16–17.)

Existence of a dispute as to the exact amount a defendant owes on a mortgage does not defeat a prima facia case for summary judgment as to foreclosure and sale. *Wells Fargo Bank,*

---

[14] Defendants allege failure "to give proper credit for the mortgage payments and payments to escrow made by the defendant," (Answer ¶ 19); rejection of payment they tendered in accordance with the terms of the Note and Mortgage, (*id.* ¶ 20); failure to mitigate damages, (*id.* ¶ 22); Plaintiff's conduct exacerbated damages and increased their potential liability, (*id.* ¶ 23); Plaintiff created its own damages through its own conduct and increased Defendants' potential liability, (*id.* ¶ 24); Plaintiff "should be precluded from seeking a deficiency judgment against [D]efendants" if "judgment is rendered for [Plaintiff] and [Plaintiff] cannot produce [the] [N]ote," (*id.* ¶ 25); and failure "to set forth the amounts of and the nature of the liens and encumbrances on the property being foreclosed," (*id.* ¶ 29).

*N.A. v. Watts*, No. 16-CV-6919, 2019 WL 8325097, at *5 (E.D.N.Y. Dec. 16, 2019) ("A discrepancy in amount owed 'does not preclude the issuance of summary judgment directing the sale of the mortgaged property.'" (quoting *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 82 (E.D.N.Y. 2019))), *report and recommendation adopted*, 2020 WL 5200903 (E.D.N.Y. Sept. 1, 2020) *and* 2020 WL 5200903 (E.D.N.Y. Sept. 1, 2020))); *Hoyer*, 362 F. Supp. 3d at 82 ("[A] dispute as to the exact amount owed by the mortgagor to the mortgagee . . . does not preclude the issuance of summary judgment directing the sale of the mortgaged property." (quoting *Crest/Good Mfg. Co. v. Baumann*, 554 N.Y.S.2d 264, 265 (App. Div. 1990))); *see also Nissan Motor Acceptance Corp. v. Nemet Motors, LLC*, No. 19-CV-3284, 2022 WL 4651667, at *5, *8 (E.D.N.Y. Sept. 29, 2022) ("Defenses regarding the amounts owed, '[a]t best, . . . challenge only the amount of the mortgage debt, as [the defendants'] claims, if proved, might be offset against the amount due and owing to the plaintiff.'" (first alteration in the original) (quoting *Johnson v. Gaughan*, 513 N.Y.S.2d 244, 245 (App. Div. 1987))). Rather, such disputes are resolved after Plaintiff has demonstrated entitlement to and been granted summary judgment. *Wilmington PT Corp. v. Danialian*, No. 19-CV-1972, 2023 WL 2632499, at *5 (E.D.N.Y. Mar. 24, 2023) (explaining that "[p]ursuant to Section 1321 of RPAPL, the [c]ourt 'has the authority to compute the amount owed or appoint a referee to do the same.'" (quoting *Miss Jones LLC v. Shahid*, No. 17-CV-716, 2022 WL 4642716, at *9 (E.D.N.Y. Sept. 30, 2022))). When the plaintiff has established a prima facie case of foreclosure and sale, courts have appointed a referee to conduct the sale of the property. *See, e.g.*, *Freedom Mortg. Corp. v. McLain*, No. 23-CV-1309, 2023 WL 8473948, at *3 (E.D.N.Y. Oct. 12, 2023) ("The appointment of a referee should be allowed where the plaintiff has 'established a *prima facie* case[.]'" (alteration in original) (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014))), *report and recommendation adopted*, 2023 WL 7320257 (E.D.N.Y. Nov. 7, 2023); *Windward*

*Bora, LLC v. Brito*, No. 19-CV-4073, 2020 WL 7296859, at *2 (E.D.N.Y. Dec. 11, 2020); *Avail 1 LLC v. Latief*, No. 17-CV-5841, 2020 WL 5633099, at *1 & n.1 (E.D.N.Y. Sept. 21, 2020); *PMB Tech. Servs., LLC v. Mazoureix*, No. 14-CV-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015); *see Norman Realty & Constr. Corp. v. 151 E. 170th Lender LLC*, 162 N.Y.S.3d 925 (App. Div. 2022) ("When there is no issue as to [the] defendant's default and the only issue is as to the amount actually owed, summary judgment must nevertheless be granted." (citations omitted)); *Bank of Am., N.A. v. Terry*, 111 N.Y.S.3d 636, 638 (App. Div. 2019) ("A dispute as to the exact amount owed by the mortgagor to the mortgagee may be resolved after a reference pursuant to RPAPL [section] 1321, and the existence of such a dispute does not preclude the issuance of summary judgment directing the sale of the mortgaged property." (first quoting *Crest/Good Mfg.*, 554 N.Y.S.2d at 264; and then citing *Long Is. Sav. Bank of Centereach, F.S.B. v. Denkensohn*, 635 N.Y.S.2d 683, 684 (App. Div. 1995))).

The Court acknowledges the dispute as to the actual amount Defendants owe Plaintiff, but none of Defendants' allegations or related unsupported and conclusory defenses create a triable issue of fact or affect whether Plaintiff is entitled to summary judgment. *Nissan Motor*, 2022 WL 4651667, at *5–6, *8 (granting summary judgment for foreclosure despite dispute concerning the amounts defendant owed because the issues were "irrelevant to whether [the plaintiff was] entitled to an order of foreclosure and sale"); *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 199 (S.D.N.Y. 2018) ("[F]ailure to mitigate damages is not an affirmative defense to a foreclosure action; rather a dispute about the exact amount owed by a mortgagor to a mortgagee does not preclude summary judgment directing a foreclosure sale." (citations omitted)); *see also Hoyer*, 362 F. Supp. 3d at 83 ("[I]nconsistencies regarding the amount to cure the default identified in the notices would not change the [c]ourt's decision to grant summary judgment in [the p]laintiff's favor.").

Therefore, none of Plaintiff's defenses concerning the amount owed create a triable issue of fact and the Court will direct Plaintiff to propose a referee.  *Danialian*, 2023 WL 2632499, at *5 (granting summary judgment on foreclosure and directing plaintiff "to file a [p]roposed [j]udgment of foreclosure providing for a sale of the [p]roperty that includes a space for the appointment of a referee to calculate the total amount owed to [the p]laintiff, effectuate the sale, and disperse funds from such a sale"); *LMREC III Note Holder, Inc. v. Hudson EFT LLC*, No. 20-CV-5063, 2022 WL 3997017, at *10 (S.D.N.Y. Sept. 1, 2022) (granting summary judgment to foreclosing plaintiff and directing the plaintiff to file a propose judgment that, among other things, "request[ed] the appointment of a proposed referee to calculate the total amount owed to [the p]laintiff, effectuate the sale, and disperse funds from such a sale"), *judgment entered*, 2022 WL 4286737 (S.D.N.Y. Sept. 16, 2022), *supplemented*, 2022 WL 11818938 (S.D.N.Y. Oct. 20, 2022); *U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384, 2016 WL 6902480, at *3–4 (S.D.N.Y. Nov. 22, 2016) (appointing a referee to calculate damages and sell the property after awarding summary judgment to a foreclosing plaintiff).

### F.    Remaining defenses and counterclaims

Plaintiff's remaining defenses are wholly conclusory, lack evidentiary support, or are irrelevant to whether Plaintiff is entitled to summary judgment.[15]  Moreover, the record before

---

[15]  Defendants assert failure to state a cause of action, (Answer ¶ 3); failure to comply with conditions precedent in the promissory note and security instrument, (*id.* ¶ 12–14); unclean hands, (*id.* ¶ 21); Plaintiff's conduct has waived the Defendants' performance under the Mortgage and Note, (*id.* ¶ 26); arbitration, mediation and/or mortgage modification conference should be convened for a loan modification agreement and subsequent dismissal/settlement of this action, (*id.* ¶ 27); violation of New York State Banking Law § 6L and the Predatory Lending Statutes, (*id.* ¶ 28); equitable estoppel, (*id.* ¶ 30); bad faith, (*id.* ¶ 31); failure to verify factual basis of the Complaint pursuant to statute and administrative order and defective papers, (*id.* ¶ 34); and Plaintiff's submissions were falsely signed by its employees, agents, or successors in interest, (*id.* ¶ 35).

the Court shows no indication of "waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct" on Plaintiff's part.  *CIT Bank*, 856 F. App'x at 336–37.

Defendants' counterclaims are fully encompassed in their affirmative defenses and similarly are wholly conclusory, lack evidentiary support, or are irrelevant and therefore are dismissed.  *Mae v. Quickway Ests. LLC*, No. 22-CV-3048, 2023 WL 6162927, at *8 (S.D.N.Y. Sept. 21, 2023), *appeal dismissed,* No. 23-7701 (2d Cir. Jan. 8, 2024) (holding that the defendants "failed to meet their burden with respect to their affirmative defenses, and [the p]laintiff is entitled to summary judgment" and dismissing the defendants' counterclaims that were "wholly based in its affirmative defenses"); *see also OneWest Bank, N.A. v. Melina*, No. 14-CV-5290, 2015 WL 5098635, at *5-6 (E.D.N.Y. Aug. 31, 2015) (dismissing counterclaim after granting the plaintiff's motion for summary judgment because the defendant failed to "successfully defended th[e] action"), *aff'd*, 827 F.3d 214 (2d Cir. 2016).

As Defendants have failed to produce any evidence or legal arguments in support of their affirmative defenses nor have they made any attempt to rebut Plaintiff's prima facie case, Plaintiff is entitled to foreclosure.  *See Wells Fargo Bank, Nat'l Ass'n as Tr. for Holders of COMM 2014-CCRE15 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 840 Westchester Ave. NMA, LLC*, --- F. Supp. 3d ---, ---, 2025 WL 1455760, at *6 (S.D.N.Y. May 21, 2025) (granting summary judgment where lender made prima facie case of foreclosure, borrowers had neither appeared nor made an affirmative showing that plaintiff was not entitled to foreclosure, and "the record [did not] reveal bad faith, fraud, duress, or otherwise oppressive or unconscionable actions"); *U.S. Bank Nat'l Ass'n v. Joeefi LLC*, No. 24-CV-3966, 2025 WL 1019112, at *3 (S.D.N.Y. Apr. 4, 2025) (granting motion for summary judgment where the plaintiff established prima facie case and the defendants did not oppose the summary judgment motion or present any evidence to overcome the plaintiff's prima facie case); *Greenlight Cap.,*

*Inc. v. Fishback*, No. 24-CV-2299, 2025 WL 965597, at *6 (S.D.N.Y. Mar. 31, 2025) (finding affirmative defenses pleaded in answer including "estoppel, unclean hands, the first breach doctrine, waiver, unjust enrichment, and an oral forbearance agreement" for which the defendant "proffer[ed] no evidence or legal arguments in support" were insufficient to defeat summary judgment in foreclosure action); *Freedom Mortg. Corp. v. Heirs*, No. 19-CV-1273, 2020 WL 3639989, at *2, *4–5 (S.D.N.Y. July 6, 2020) (granting summary judgment where plaintiff-mortgagee established prima facie case and motion was unopposed); *Alpha Cap. Anstalt v. Shiftpixy, Inc.*, 432 F. Supp. 3d 326, 344 (S.D.N.Y. 2020) (granting summary judgment on foreclosure and sale where the defendant-borrower "failed to respond in any substantive way to defend its counterclaim").

### III.  Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment. Within twenty days of this Memorandum and Order, Plaintiff shall (1) propose a referee for the foreclosure and sale of the Property; and (2) file a proposed final judgment of sale.

Dated:  August 28, 2025
        Brooklyn, New York

                                 SO ORDERED:


                                 _____/s/MKB_____
                                 MARGO K. BRODIE
                                 United States District Judge